UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SEGUIN STORAGE, LLC,

    Plaintiff,

v.

NSA PROPERTY HOLDINGS, LLC, NSA OP LP

    Defendants.

CASE NO. 5:21-cv-1258-FB

### DECLARATION OF LAWRENCE J. HILTON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

I, Lawrence J. Hilton, declare as follows:

1.    I am a partner at the law firm of One LLP, counsel for Defendants NSA OP, LP ("NSA OP") and NSA Property Holdings, LLC ("NSA Properties") in the above-captioned case. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.    On October 24, 2022 I received Plaintiff's Response to NSA's Summary Judgment Motion (Doc. 29), along with the related exhibits. Plaintiff's Response represented that Plaintiff and NSA agreed that One LLP would draft and send cease and desist letters to third-party website operators "so long as Plaintiff paid for shipping of those letters." (Doc. 29 at 2 and 4 ("Plaintiff agreed to pay the cost of mailing."))

3.    Plaintiff also filed a Declaration by Mr. Oglesby on October 24, 2022. (Doc. 29-1.) Exhibit 20 to Mr. Oglesby's Declaration is the relevant email reflecting the terms upon which One LLP agreed to prepare and send the cease and desist letters. In that email, Mr. Oglesby states "I agree to pay the fees associated with the preparation of those letters." (*Id*. at 173 of 197.)

4. Mr. Oglesby further testified that he had "promptly paid" the One LLP invoice (Doc. 29-1 at 8, ¶ 7).

5. I inquired of One LLP's accounting personnel about the accuracy of Mr. Oglesby's testimony about payment of the invoices, and they informed me no payment had ever been received for the fees incurred in drafting the letters. My inquiry revealed the following:

  a. On August 17, 2020, I sent an email to Mr. Oglesby attaching my firm's July, 2020 invoice for the fees incurred drafting the C&D Letters, reflecting a balance due for "Professional Fees" in the amount of $1,280. A true and correct copy of my August 17, 2020 email to Mr. Oglesby, with the July, 2020 One LLP invoice, is attached hereto as Exhibit A. That invoice was never paid.

  b. On October 15, 2020, I sent an email to Mr. Oglesby attaching my firm's updated September, 2020 invoice for fees, and which also included $203.00 in costs for FedEx charges, reflecting a balance due of $1,833.61. A true and correct copy of my October 15, 2020 email with the September, 2020 One LLP invoice, is attached hereto as Exhibit B. Mr. Oglesby eventually sent a check for $203.00 but has never paid any of the attorneys' fees reflected in the One LLP invoices, leaving a balance due of $1,629.79 that has been outstanding for nearly three years.

6. On March 2, 2023, I sent an email to Seguin Storage's counsel notifying him of the fact that Seguin Storage's Opposition had misrepresented the terms of the agreement and that Mr. Oglesby's testimony about payment of the One LLP fees was inaccurate. A true and correct copy of my March 2, 2023 email to Nick Guinn is attached hereto as Exhibit C. More than two months went by before Judge Bemporad issued his Report and Recommendation, and during that

time Plaintiff never made any effort to correct the record.  Nor did Plaintiff tender the outstanding fees it agreed to pay nearly three years ago.

7.	Attached hereto as Exhibit D is a true and correct copy of NSA's Rule 26(a)(2) Expert Disclosures, including my curriculum vitae, which were served on Plaintiff's counsel on June 1, 2022.  My billing rate for all time billed on this matter from inception through the date of this Declaration was $500 per hour.

8.	I obtained my J.D. degree from the University of Texas at Austin in 1991, graduating with honors and as a member of the Order of the Coif.  I have more than 32 years of experience as a practicing attorney, in both state and federal courts and in arbitrations.  I specialize in complex litigation matters, including but not limited to matters involving franchise law, trademark law, commercial disputes, disputes over Uniform Commercial Code remedies and warranties, unfair competition and trade, trademark and copyright infringement, breach of contract claims, fraudulent transfer claims, and other business-related issues.  Before joining One LLP, I spent most of my career at Gibson, Dunn & Crutcher LLP, O'Melveny & Myers LLP, and O'Neil LLP.

9.	I have been licensed to practice in the State of Texas since 2017, and I have resided in Texas since 2017 (Dallas from June, 2017 through November, 2020 and Austin since December, 2020.)  I am admitted in the Northern, Southern, Eastern and Western Districts of Texas.  Based on my experience practicing in federal courts in Texas, including this Court, my rate of $500 per hour is reasonable for an attorney with my education and experience litigating trademark cases.

10.	Attached hereto as Exhibit E is a true and correct copy of my partner John Tehranian's biography from the One LLP website.  Mr. Tehranian received his A.B. degree,

magna cum laude, from Harvard University and received his J.D. from Yale University. He currently serves as the Paul W. Wildman Chair and Professor of Law at Southwestern Law School. He is also Affiliated Faculty at the Center for Security, Race and Rights at Rutgers University. He has previously served as a tenured Professor of Law at the University of Utah, S.J. Quinney College of Law, and as a Visiting Professor of Law at Loyola Law School. In 2023, he will be a Visiting Professor of Law at UCLA School of Law. Based on my experience practicing in federal courts in Texas, including this Court, Mr. Tehranian's rate of $425 per hour is reasonable for an attorney with his education and experience litigating trademark cases.

11.     Attached hereto as Exhibit F is a true and correct copy of my partner Robert Hunt's biography from the One LLP website. Mr. Hunt received his B.S. degree, summa cum laude, from Brigham Young University and received his J.D. from Stanford University, where he served as an Executive Editor on the Stanford Law Review. Based on my experience practicing in federal courts in Texas, including this Court, Mr. Hunt's rate of $400 per hour is reasonable for an attorney with his education and experience litigating trademark cases.

12.     Attached hereto as Exhibit G is a true and correct copy of all time entries billed by One LLP in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 6, 2023, at Austin, Texas.

_____
Lawrence J. Hilton